UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CR00729 RWS (AGF) |
| ) | |
| SHAWN MICHAEL AIELLO, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND SPEEDY TRIAL ACT FINDING**

This matter is before the Court on the request of the Federal Bureau of Prisons Federal Medical Center in Lexington, Kentucky for additional time to complete the medical evaluation of Defendant Shawn Michael Aiello. By Order dated November 24, 2009, Defendant was committed to the custody of the Attorney General for a mental health evaluation pursuant to 18 U.S.C. §§ 4241 and 4242. (Doc. #22). Defendant arrived at the Federal Medical Center ("FMC") in Lexington, Kentucky, on approximately February 18, 2010. By letter dated February 19, 2010 (Doc. #24), the Warden of the FMC requested additional time, to and including May 5, 2010, to complete the evaluation, due to the high volume of forensic cases assigned to the FMC. The Warden further indicated that the evaluation report would be sent on or before June 1, 2010. This letter was sent to counsel for both parties on March 9, 2010, and was filed electronically with the Court on March 9, 2010. The parties were given until March 15,

2010 to file any objection to the extension requested by the Warden, and no such objections were filed.

Inasmuch as neither party has filed any objection to the extension requested, and finding good cause for the extended period requested for the evaluation,

**IT IS HEREBY ORDERED** that the request of the Warden of the Federal Medical Center for additional time, to and including **May 5, 2010**, to complete the evaluation of Defendant, and to and including **June 1, 2010**, to send the evaluation report, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that **in the event the clinical staff concludes that the defendant is not competent but could be restored to competency with treatment, the Warden shall advise this Court of the finding prior to transporting the defendant from the FMC to the Court**, in order to permit the parties the opportunity to avoid any unnecessary transportation of the defendant.

The Court further finds that delay from the date of the parties' motions to determine Defendant's competency and sanity at the time of the offense, to and including the additional time granted herein, as well as any time necessary to return Defendant to this district and conduct a hearing, is reasonably necessary and related to proceedings to determine Defendant's competency. The Court further finds that the ends of justice served by granting the request herein and conducting the proceedings to determine Defendant's competency and sanity at the time of the offense outweigh the best interest of the public and the Defendant in a speedy trial, and thus, the time from November 24, 2009 through the conclusion of Defendant's competency proceedings shall be excluded

from the computation of the time for a speedy trial under 18 U.S.C. §§ 3161(h)(1)(A) and (h)(7)(A).

                                        /s/ Audrey G. Fleissig
                                        AUDREY G. FLEISSIG
                                        United States Magistrate Judge

Dated this 16th day of March, 2010.